| | |
|---|---|
| Davida Brook (SBN 275370)<br>dbrook@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 789-3100<br>Facsimile: (310) 789-3150<br><br>Brian D. Melton (Admitted *pro hac vice*)<br>bmelton@susmangodfrey.com<br>Rocco Magni (Admitted *pro hac vice*)<br>rmagni@susmangodfrey.com<br>Samuel Drezdzon (Admitted *pro hac vice*)<br>sdrezdzon@susmangodfrey.com<br>Shaleez E. Ozlat (Admitted *pro hac vice*)<br>sozlat@susmangodfrey.com<br>Thomas V. DelRosario (SBN 236264)<br>tdelrosario@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br><br>Attorneys for Plaintiff HAPTIC, INC. | Roger A. Denning (SBN 228998)<br>Seth M. Sproul (SBN 217711)<br>FISH & RICHARDSON P.C.<br>12860 El Camino Real Suite 400<br>San Diego, CA 92130<br>Phone:  858-678-5070<br>Fax:      858-678-5099<br>Email:  denning@fr.com<br>Email:  sproul@fr.com<br><br>Joy B. Kete (Admitted *pro hac vice*)<br>Qiuyi Wu (Admitted *pro hac vice*)<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210<br>Phone: 617-542-5070<br>Fax:     617-542-8906<br>Email: kete@fr.com<br>Email: qwu@fr.com<br><br>Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAPTIC, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　Defendant. | No. 3:24-cv-02296-JSC<br><br>**JURY TRIAL DEMANDED** |

**JOINT CASE MANAGEMENT STATEMENT**

The Parties jointly submit this Joint Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9, Federal Rule of Civil Procedure 26(f), Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case

1  Management Statement, and Judge Corley's Civil Standing Order and Order dated April 18, 2024 (Dkt. 46).

**1. Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* The parties dispute the proper venue, and Haptic, Inc. has a currently pending petition for writ of mandamus at the United States Court of Appeals for the Federal Circuit to direct the United States District Court for the Western District of Texas to reverse its ruling transferring this case to this District under 28 U.S.C. § 1404(a). *In re Haptic, Inc.*, No. 24-121 (Fed. Cir. Apr. 16, 2024). Aside from venue, there are no issues regarding personal jurisdiction or service.

**2. Facts:** On November 6, 2023, Haptic filed this action against Apple Inc. for infringement of United States Patent No. 9,996,738 (the "'738 Patent" or "Asserted Patent") in the Western District of Texas, Case No. 1:23-cv-0351-RP (Dkt. 1). The '738 Patent is titled, "System and Method for Controlling a Terminal Device." The Abstract of the '738 Patent provides the following description of the claimed invention:

> A control system includes a housing engaged to a mounting surface, a sensor contained within the housing, a server in communication with the sensor, and a terminal device in communication with the server. A gesture by a user associated with the mounting surface controls activity of the terminal device, such as a knock on a wall lowering a thermostat. The control system enables a mounting surface independent from the terminal device to become a controller for the terminal device. The sensor forms an interactive zone, and a contact interaction with the mounting surface within the interactive zone is detected by the sensor as data signals. The server receives the data signals, determines a data pattern corresponding to the data signals, and matches the data pattern with a gesture profile. The gesture profile is associated with a command transmitted to the terminal device to control activity of the terminal device.

Haptic alleges that Apple directly, contributorily, and willfully infringes the '738 Patent by making, using, selling, and offering to sell, or importing iPhone models with the Back Tap feature. Back Tap is an Apple iOS accessibility feature that lets you trigger commands or run Shortcuts.

Apple disputes that it directly, contributorily, or willfully infringes the Asserted Patent. On January 16, 2024, Apple filed a motion to dismiss Haptic's Complaint for failure to state a claim. (Dkt. 13). That motion has been fully briefed (Dkts. 13, 27, 29), and a hearing has been scheduled for June

20, 2024, (Dkt. 70). Apple also asserts that the claims of the Asserted Patent are invalid. Haptic opposes Apple's motion to dismiss. Haptic further contends the patent in suit is valid.

3. **Legal Issues:** Subject to and without waiving their respective positions and arguments, the Parties believe that the disputed issues requiring judicial resolution include, without limitation:

- Whether Apple has infringed or is infringing the Asserted Patent in violation of 35 U.S.C. § 271;
- Whether Apple has contributed to or is contributing to the infringement of the Asserted Patent in violation of 35 U.S.C. § 271(c);
- Whether Apple has willfully infringed or is willfully infringing the Asserted Patent;
- Whether Haptic is entitled to damages under 35 U.S.C. §§ 284 and 285, and if so, the amount of damages to which Haptic is entitled;
- Whether Haptic is entitled to injunctive relief under 35 U.S.C. § 283;
- Whether Haptic's Complaint states a claim upon which relief may be granted;
- Whether the claims of the Asserted Patent are valid and enforceable;
- Whether Haptic's claims for relief are barred, in whole or in part, under 35 U.S.C. §§ 286 and 288;
- Whether Haptic's alleged remedies are limited by 28 U.S.C. § 1498(a);
- Whether Haptic's attempted enforcement of the Asserted Patent against Apple is barred by the equitable doctrines of laches, estoppel, unclean hands, patent misuse, and/or waiver;
- Whether Haptic's claims are barred in whole or in part by reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the claims and their equivalents;
- Whether Haptic's filing and prosecuting of the present lawsuit is exceptional under 35 U.S.C. § 285 such that Apple is entitled to attorneys' fees.

4. **Motions:** On January 16, 2024, in the Western District of Texas, Apple moved to dismiss the Complaint for failure to state a claim of infringement. (Dkts. 13, 29). Haptic opposed

dismissal, (Dkt. 27), and Apple's motion remains pending. All briefing on this motion is complete, and a hearing has been scheduled for June 20, 2024. (Dkt. 70).

On January 30, 2024, Apple moved to transfer venue to this District. (Dkt. 24). Haptic opposed transfer and requested venue discovery in the alternative. (Dkt. 31). On April 8, 2024, the Texas District Court granted Apple's motion and ordered this case transferred to this District, without ruling on Haptic's request for venue discovery. (Dkt. 42). Haptic's mandamus petition challenging transfer is briefed and awaiting decision from the U.S. Court of Appeals for the Federal Circuit. Haptic's Corrected Petition for Writ of Mandamus, *In re Haptic, Inc.*, No. 24-121, Dkt. 8 (Fed. Cir. Apr. 16, 2024); *see also* Apple's Response to Petition for Writ of Mandamus, *id.*, Dkt. 17 (Fed. Cir. Apr. 23, 2024) (opposing Haptic's petition).

Apple intends to file at least one petition for *inter partes* review ("IPR") of the Asserted Patent and to move for a stay of this case pending the IPR. Haptic will oppose any such request for a stay.

5. **Amendment of Pleadings:** No additional Parties are expected to be added prior to the deadline for amending the pleadings. Discovery will inform whether there will be any additional claims, defenses, or counterclaims. Neither Party plans to amend its pleadings at this time, but they reserve their respective rights to do so as necessary to protect their respective rights.

6. **Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action.

7. **Disclosures:** On March 18, 2024, the Parties timely exchanged Initial Disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1). Based on available information, and reserving the right to supplement their initial disclosures as litigation progresses, the Parties each identified (1) individuals who may have discoverable information, per Rule 26(a)(1)(A)(i); (2) documents, electronically stored information, and tangible things that the Parties possess and may use to support their claims or defenses, per Rule 26(a)(1)(A)(ii); (3) statements on damages, per Rule 26(a)(1)(A)(iii); and statements that the Parties are not aware of any relevant insurance agreements,

per Rule 26(a)(1)(A)(iv). Also on March 18, 2024, Haptic served its Preliminary Infringement Contentions on Apple.

On May 9, 2024, Haptic served its Updated Initial Disclosures to Apple.

**8.      Discovery**

*a.      Discovery Taken to Date*

On March 11, 2024, Haptic served its (1) First Set of Requests for Production of Documents (Nos. 1–40); and (2) First Set of Interrogatories (Nos. 1–14). On April 24, 2024, Apple served its Objections and Responses to both.

*b.      Scope of Anticipated Discovery*

The Parties anticipate that discovery will be necessary concerning subjects relating to the development of the Accused Products, issues of patent infringement, contributory infringement, willful infringement, patent validity, patent enforceability, patent damages, and enhanced damages, as well as any legal or equitable defenses and/or counterclaims that Apple may assert in its Answer (if one is required). This is not meant to be an exhaustive list, and the Parties reserve the right to seek discovery on additional subjects as appropriately raised.

*c.      Proposed Limitations or Modifications*

The Parties have agreed to the following discovery limits:

With respect to written discovery, the Parties agree that each side shall be entitled to serve up to 25 interrogatories, 100 requests for production, and 30 requests for admission. The Parties further agree that documents produced by Haptic or Apple in response to document requests in this matter shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. If a party serves a good faith written objection to the authenticity of a document, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided prior to or with the exchange of objections to trial exhibits. The Parties agree to work together to ensure that all witnesses who may be called to testify at trial are subject to a reasonable deposition during fact discovery to the extent practicable.

With respect to depositions, the Parties agree that the limits in the Federal Rules of Civil Procedure shall govern except as modified below. For fact witness depositions, the Parties agree to a

limit of no more than 100 hours (on the record) (including party and non-party depositions). For expert depositions, the parties agree that each expert witness shall not be deposed for more than 7 hours per day absent agreement by the Parties and the witnesses. The Parties agree that expert depositions shall be presumptively limited to 7 hours per witness per report.

The Parties are currently conferring on processes for email-specific discovery and custodian-based search terms.

### d.   *Stipulated E-Discovery Order*

The Parties intend to negotiate and propose a stipulated order based on this District's Model Stipulation and Order Re: Discovery of Electronically Stored Information for Patent Litigation. In accordance with Judge Corley's Civil Standing Order, the Parties will jointly submit a proposed order, with an accompanying declaration explaining any modifications and a redline version comparing the proposed order to the model order.

### e.   *Proposed Discovery Plan*

Pursuant to Rule 26(f)(3), the Parties agree to the following discovery plan:

- No changes are necessary to the timing form or requirement for disclosures under Rule 26(a) since the Parties exchanged Initial Disclosures on March 18, 2024. Fed. R. Civ. P. 26(f)(3)(A).

- The Parties have described the anticipated subjects on which discovery may be necessary above in Section 8(b).

- The Parties' proposed schedule based on the Patent Local Rules is set forth below in Section 17.

- Currently, the Parties are conferring on issues related to discovery and electronically stored information. Fed. R. Civ. P. 26(f)(3)(C).

- The Parties intend to submit a Protective Order to the Court for consideration, which will include procedures related to attorney-client privilege and work product claims. Fed. R. Civ. P. 26(f)(3)(D), (F).

- The Parties' proposed limitations on discovery are described above in Section 8(c). Fed. R. Civ. P. 26(f)(3)(E).

### f. Discovery Disputes

No discovery disputes that the Parties would like to bring to the Court's attention exist at this time.

9. **Class Actions:** This case is not a class action.

10. **Related Cases**

- *Haptic, Inc. v. Apple Inc.*, No. 1:23-cv-01351-RP (W.D. Tex.) (originating case transferred from WDTX to NDCA).

- *In re Haptic, Inc.*, No. 24-121 (Fed. Cir.).

11. **Relief**

<u>Haptic's Statement</u>: Haptic requests at least the following relief:

- A declaration that Apple has infringed and continues to infringe the Asserted Patent;
- A declaration that Apple has induced and contributed to infringement and continues to induce and contribute to infringement of the Asserted Patent;
- A declaration that Apple has willfully infringed and continues to willfully infringe the Asserted Patent;
- A declaration that an injunctive relief is granted under 35 U.S.C. § 283 to prevent further infringement by Apple;
- An award to Haptic of damages in an amount adequate to compensate Haptic, including enhanced damages, together with pre- and post-judgment interest, for Apple's infringement of the Asserted Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284;
- A declaration that this case is exceptional pursuant to 35 U.S.C. § 285; and
- An award to Haptic of its costs, disbursements, attorneys' fees, and such further and additional relief as this Court deems appropriate, and all other relief to which the Court finds Haptic is entitled.

<u>Apple's Statement</u>: Apple requests that the Court grant its Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss. If the Court were to deny Apple's Motion to Dismiss, then Apple may seek at least the following relief:

- Judgment that Apple does not infringe the Asserted Patent (directly, indirectly, or willfully);
- Judgment that each asserted claim of the Asserted Patent is invalid;
- An order barring Haptic, and all persons acting on its behalf or in convert with it, from asserting infringement of the Asserted Patent against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;
- An award of expenses, costs, and disbursements in this action;
- An order that this case is an exceptional case and awarding Apple its reasonable attorneys' fees; and
- Any such other and further relief that the Court finds just and proper.

**12.  Settlement and ADR:** The Parties believe that mediation of the case eventually may be useful.

**13.  Consent to Magistrate Judge For All Purposes**

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.     ___ YES   _X_ NO

**14.  Other References:** At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues:** The Parties will work to narrow issues by agreement or motion as discovery progresses. The Parties will also seek to stipulate to facts not reasonably in dispute. At a later stage in discovery, the Parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if appropriate. The Parties will work to narrow any claim construction issues before the claim construction hearing.

Apple contends that its motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) could resolve the matter entirely. Additionally, Apple further contends the Court's claim construction order may narrow additional issues, including for resolution on summary judgment. Haptic disputes these assertions and contends that Apple's arguments are improper at the motion to dismiss stage and further that its claim construction—improperly asserted at the motion to dismiss stage—is untenable.

16.  **Expedited Trial Procedure**

The Parties have discussed the Expedited Trial Procedure and agree not to have the case handled under the ETP.

17.  **Scheduling**

The Parties propose the following schedule:

| Item | Parties' Proposed Date |
|---|---|
| The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. | **May 16, 2024** |
| Case Management Conference | **May 16, 2024** |
| Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. | **May 30, 2024** |
| Hearing on Apple's Motion to Dismiss | **June 20, 2024** |
| Parties submit ADR Certification in compliance with Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b). | **June 27, 2024** |
| Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). | **July 15, 2024** |
| Parties exchange lists of proposed terms for construction. | **July 29, 2024** |
| Parties exchange proposed claim constructions and disclose extrinsic evidence. | **August 12, 2024** |
| Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. | **August 19, 2024** |
| Plaintiff files Damages Contentions. | **September 3, 2024** |
| Parties submit Joint Claim Construction and Prehearing Statement and Expert Reports. | **August 29, 2024** |
| Defendant files Responsive Damages Contentions and serves final disclosure of non-infringing alternatives. | **October 3, 2024** |

| Item | Parties' Proposed Date |
|---|---|
| Deadline for Rebuttal Expert Reports. | **September 30, 2024** |
| Close of Claim Construction Discovery. | **September 30, 2024** |
| Plaintiff files Opening Claim Construction Brief. | **October 15, 2024** |
| Defendant files Responsive Claim Construction Brief. | **October 29, 2024** |
| Plaintiff files Reply Claim Construction Brief. | **November 5, 2024** |
| Parties submit optional technical tutorials to the Court and technical advisor (if appointed). | **November 12, 2024** |
| Parties submit Damages Meeting Certification in compliance with Patent Local Rule 3-10. | **December 2, 2024** |
| *Markman* hearing at 9:00 a.m. This date is a placeholder, and the Court may adjust this date as the *Markman* hearing approaches.[1] | **November 19, 2024** |
| Close of Fact Discovery. | **February 28, 2025** |
| Deadline to add parties. | **March 3, 2025** |
| Opening Expert Reports Due. | **April 4, 2025** |
| Rebuttal Expert Reports Due. | **May 2, 2025** |
| Close of Expert Discovery. | **May 30, 2025** |
| Deadline to amend pleadings. | **May 30, 2025** |
| Dispositive motion deadline and *Daubert* motion deadline. | **July 2, 2025** |
| Parties serve Pretrial Disclosures (jury instructions, witness lists, and deposition designations). | **July 16, 2025** |
| Parties serve objections to Pretrial Disclosures/Rebuttal Disclosures. | **July 30, 2025** |
| Parties serve objections to Rebuttal Disclosures; file motions *in limine*. | **August 6, 2025** |
| Parties file Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, and deposition designations); file oppositions to motions *in limine*. | **August 13, 2025** |
| Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. | **August 27, 2025** |
| Parties file joint notice identifying remaining objections to Pretrial Disclosures and disputes on motions *in limine*. | **August 29, 2025** |
| Final Pretrial Conference | **September 3, 2025** |
| Jury Selection/Trial.[2] | **September 29, 2025** |

   **18.** **Trial:** Haptic demands a jury trial.

---

[1] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

[2] If the actual trial date materially differs from the date set in this scheduling order, the parties may request reasonable amendments to the post-*Markman* case schedule that are consistent with the Court's typical deadlines in light of the actual trial date.

Apple has not yet answered the Complaint and, instead, moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). If Apple's motion to dismiss does not resolve the matter entirely, in its answer, Apple intends to request trial by jury in its Answer.

The Parties agree that the length of trial will depend on which, and to what extent, issues may be resolved during the course of litigation.

**19.    Disclosure of Non-Party Interested Entities or Persons:** On May 2, 2024, Haptic filed its disclosure statement, disclosing: (1) pursuant to Federal Rule of Civil Procedure 7.1(a), that Haptic has no parent corporation and no publicly held corporation owns 10 percent or more of its stock; and (2) pursuant to Civil Local Rule 3-15, that there is no conflict or interest (other than the named parties) to report.[3] (Dkt. 58). On May 1, 2024, Apple filed its disclosure statement, disclosing: (1) pursuant to Federal Rule of Civil Procedure 7.1(a), that Apple is a publicly held corporation with no parent corporation, and no publicly held corporation owns 10 percent or more of its stock; and (2) pursuant to Civil Local Rule 3-15, that there is no conflict or interest (other than the named parties) to report. (Dkt. 50).

**20.    Professional Conduct:** All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other:** The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

---

[3] Apple states that Haptic has not disclosed the identity of any litigation funders. Apple reserves all rights regarding conflicts or related issues. Haptic states that the local rules do not require the identification of entities loaning capital to the plaintiff. *See MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 118595, at *1–2 (N.D. Cal. Jan. 7, 2019) ("MLC has complied with the local rules and disclosed persons and entities with a financial interest in this case as defined by 28 U.S.C. § 455(d)(1), (3) and (4). If this case proceeds to trial, the Court can question potential jurors *in camera* regarding relationships to third party funders and potential conflicts of interest.") (emphasis in original). The local rules only require disclosure of conflicts of interest; Haptic is not aware of any such conflict.

**22.     Local Patent Rule 2-1**

<u>Local Patent Rule 2-1(b)(1) – Proposed Modifications to Patent Local Rules</u>

The Parties' proposed schedule above proposes compressing the timing of the claim construction proceedings provided in Local Patent Rule 4, including LR 4-2(a) and LR 4-3. The Parties propose exchanging proposed constructions 14 days after the exchange of terms (instead of 21 days after as required by LR 4-2(a)). The Parties propose filing the Joint Claim Construction and Prehearing Statement 45 days after service of invalidity contentions (instead of 60 days after as required by LR 4-3).

<u>Local Patent Rules 2-1(b)(2) – Scope and Timing of Claim Construction Discovery</u>

The Parties propose to proceed with claim construction discovery as set forth in the Patent Local Rules.

<u>Local Patent Rule 2-1(b)(3) – Proposed Format of Claim Construction Hearing</u>

The Parties request a hearing before the Court on any claim terms in dispute but cannot estimate the length or scope of the hearing at this time. The Parties do not expect at this time to present live testimony at the hearing, and instead expect to present attorney argument based on the briefs and affidavits filed by the Parties.

<u>Local Patent Rule 2-1(b)(4) – How Parties Intend to Educate the Court on Technology</u>

The Parties may submit optional technical tutorials to the Court no later than one week before the *Markman* hearing. In addition, the Parties request 30 minutes per side to present a tutorial to educate the Court about the technology involved in this case. This technology tutorial would take place immediately before the *Markman* hearing.

<u>Local Patent Rule 2-1(b)(5) – Non-Binding, Good-Faith Estimate of Damages Range</u>

**Haptic:** Haptic is unable to provide a good-faith estimate of damages at this time because discovery is at an early stage, and Apple has not yet produced any documents or provided any sales information for the Accused Products. Haptic's damages calculations depend in large part on this information. Although the precise amount of damages is unknown, at minimum, and Haptic is entitled to injunctive relief under 35 U.S.C. § 283, Haptic is entitled to an award of damages adequate to compensate Haptic for Apple's infringement, but in no event less than a reasonable royalty for Apple's

use of the invention of the Asserted Patent, together with interest and costs as fixed by the Court, pursuant to 35 U.S.C. § 284.

As one measure, a reasonable royalty owed to Haptic can be calculated based on units, revenue, and other benefits (whether monetary or non-monetary) received, realized, and anticipated by Apple and others due to, resulting from, or attributable to Apple's infringement of the Asserted Patent over the period allowed for patent damages under 35 U.S.C. § 287. A reasonable royalty may also be calculated by applying a reasonable royalty amount to such units, revenue, and other benefits (whether monetary or non-monetary). Haptic further reserves the right to seek treble damages and attorneys' fees due to the exceptional nature of this case. Haptic anticipates that it will be able to provide a more precise estimate and explanation before submitting its damages contentions.

**Apple:** Apple contends that Haptic cannot recover any damages at least because it has failed to state a claim for relief, each asserted claim of the Asserted Patent is invalid, and Apple does not infringe any claims of the Asserted Patent. Haptic is also not entitled to injunctive relief. Apple intends to seek an award of reasonable attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Davida Brook
Davida Brook (SBN 275370)
dbrook@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Brian D. Melton (Admitted *pro hac vice*)
bmelton@susmangodfrey.com
Rocco Magni (Admitted *pro hac vice*)
rmagni@susmangodfrey.com

By: /s/ Joy B. Kete
Roger A. Denning (SBN 228998)
Seth M. Sproul (SBN 217711)
FISH & RICHARDSON P.C.
12860 El Camino Real Suite 400
San Diego, CA 92130
Phone:  858-678-5070
Fax:    858-678-5099
Email:  denning@fr.com
Email:  sproul@fr.com

Joy B. Kete (Admitted *pro hac vice*)
Qiuyi Wu (Admitted *pro hac vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Samuel Drezdzon (Admitted *pro hac vice*)
sdrezdzon@susmangodfrey.com
Shaleez E. Ozlat (Admitted *pro hac vice*)
sozlat@susmangodfrey.com
Thomas V. DelRosario (SBN 236264)
tdelrosario@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Counsel for Plaintiff Haptic, Inc.*

Phone: 617-542-5070
Fax:    617-542-8906
Email: kete@fr.com
Email: qwu@fr.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of May 2024, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using this Court's Electronic Case Filing (ECF) system.

/s/     Davida Brook

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:24-cv-02296-JSC