1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    HAPTIC, INC.,                                   Case No.  24-cv-02296-JSC

8                     Plaintiff,

9           v.                                        **ORDER RE: DEFENDANT'S MOTION
                                                      TO DISMISS**
10   APPLE, INC.,
                                                      Re: Dkt. Nos. 13, 70
11                    Defendant.

12

13          Haptic sues Apple for alleged infringement of U.S. Patent No. 9,996,738 (the '738 patent).

14   (Dkt. No. 1.)[1]  Before the Court is Apple's motion to dismiss.  (Dkt. No. 13.)  Having carefully

15   considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R.

16   7-1(b), VACATES the June 20, 2024 hearing, and DENIES Apple's motion.  Drawing all

17   reasonable inferences in Haptic's favor, Haptic plausibly states claims for direct and contributory

18   infringement.

19                                        **BACKGROUND**

20          Haptic owns the '738 patent, which is entitled "System and Method for Controlling a

21   Terminal Device."  (Dkt. No. 1 ¶¶ 2, 14.)  Its abstract describes:

22                A control system includes a housing engaged to a mounting surface,
                  a sensor contained within the housing, a server in communication
23                with the sensor, and a terminal device in communication with the
                  server.  A gesture by a user associated with the mounting surface
24                controls activity of the terminal device, such as a knock on a wall
                  lowering a thermostat.  The control system enables a mounting
25                surface independent from the terminal device to become a controller
                  for the terminal device.  The sensor forms an interactive zone, and a
26                contact interaction with the mounting surface within the interactive

27   ───────────────────

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

zone is detected by the sensor as data signals.  The server receives the data signals, determines a data pattern corresponding to the data signals, and matches the data pattern with a gesture profile.  The gesture profile is associated with a command transmitted to the terminal device to control activity of the terminal device.

'738 patent, abstract.

Haptic alleges "[t]he '738 patent generally covers a tap-based control system that converts a surface into a controller for a terminal device."  (Dkt. No. 1 ¶ 15.)

More particularly, the present invention relates to a control system on an exterior mounting surface independent from the terminal device to be controlled.  Even more particularly, the present invention relates to a system to detect gestures on a mounting surface and to generate commands for the terminal device based on detected gestures.

'738 patent, col. 1 ll. 42-48.  "The functionality disclosed within the claims of the '738 Patent represent the core value proposition of Haptic's flagship product—Knocki.  Knocki provides an easier way to control devices by tap gestures anywhere on an ordinary surface."  (Dkt. No. 1 ¶ 49.)  "Tap gestures" are "predefined tap patterns that can be applied to an activated surface.  Each tap pattern can be mapped to trigger specific functions."  (*Id*. ¶ 28.)  "Knocki can be configured to control a variety of devices and programs" and uses Wi-Fi to transmit commands.  (*Id*. ¶ 29.)  "Knocki instantly turns ordinary surfaces into powerful touch control interfaces for various actions.  For example, Knocki may be attached to a table and set to different knock patterns to turn off lights, unlock doors, send messages, adjust the temperature, and many other actions."  (*Id*. ¶ 30.)

Haptic accuses Apple's Back Tap feature, which allows iPhone users "to tap the back of the handset to perform functions on the iPhone and control other external devices," of directly and indirectly infringing "every element of at least Claims 1, 2, 4, 5, and 9" of the '738 patent.  (*Id*. ¶¶ 45, 52, 60-61.)  Apple moves to dismiss Haptic's claims under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

Dismissal under Rule 12(b)(6) "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (cleaned up).  For Haptic's challenged

1  claims to survive, the complaint's factual allegations must raise a plausible right to relief. *Bell Atl.*

2  *Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Though the Court must accept the complaint's

3  factual allegations as true, conclusory assertions are insufficient to state a claim. *Ashcroft v. Iqbal*,

4  556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads enough factual

5  content to justify the reasonable inference the defendant is liable for the misconduct alleged. *Id.*

6  **A.  Direct Infringement**

7  Apple argues Haptic's direct infringement theory is implausible because "the complaint

8  does not allege facts sufficient to show that Apple's Back Tap feature for iPhone meets the

9  'impact on said mounting surface' limitation." (Dkt. No. 13 at 14.)

10  Claim 1 of the '738 patent reads:

11  A control system comprising:

12  a housing having an engagement means for a mounting surface;

13  a sensor contained within said housing, said sensor forming an
   interactive zone defined by a range of said sensor, said sensor being
14  comprised of an accelerometer, said interactive zone being aligned
   with said mounting surface and overlaying said mounting surface
15  outside a perimeter of said housing, said sensor being in a fixed
   position relative to said engagement means, wherein a contact
16  interaction associated with said mounting surface within said
   interactive zone is detected by said sensor as data signals, **said**
17  **contact interaction being comprised of an impact on said**
   **mounting surface**, said data signals being comprised of vibration
18  data of said contact interaction;

19  a server in communication with said sensor, said server being
   comprised of a routing module, a processing module being connected
20  to said routing module, and an output module connected to said
   processing module, said routing module receiving said data signals
21  from said sensor, said processing module determining a data pattern
   corresponding to said data signals of said contact interaction and
22  matching said data pattern with a gesture profile, said gesture profile
   being associated with a command; and
23
   a terminal device being comprised of a receiving module and means
24  for initiating activity of said terminal device corresponding to said
   command, said terminal device being in communication with said
25  server, said output module transmitting said command to said
   receiving module,
26
   wherein said engagement means of said housing comprises:
27
   an attachment means between said housing to said mounting surface;
28  and

3

1   a transmission portion connecting said sensor to said attachment
    means of said housing and being comprised of a material with
2   flexibility different than said mounting surface so as to set a rigid
    position of said sensor relative to said mounting surface, said contact
3   interaction generating said data signals of said sensor through said
    transmission portion.
4

5   '738 patent, col. 12 ll. 2-45 (emphasis added).  In the claim chart attached to Haptic's complaint,

6   Haptic explains each Accused Product infringes the "impact on said mounting surface" limitation

7   because "double-taps and triple-taps on the back of the iPhone are contact interactions that impact

8   the mounting surface."  (Dkt. No. 1-2 at 11.)  According to Haptic, the mounting surface is inside

9   the outer casing of the Accused Products:

10

11

12

13

14

15

16

17

18

19  (*Id*. at 5.)  The interactive zone "is the back side of the iPhone."  (*Id*. at 6.)

20

21

22

23

24

25

26

27

28

4

1    (*Id.*)

2         Haptic further describes:

3         Because the mounting surface is within the "interactive zone" of the
         back side of the iPhone, the contact interaction on the back of the
4         iPhone impacts the mounting surface and is "associated with said
         mounting surface within said interactive zone." The sensor
5         (accelerometer) detects the contact interactions (taps) as data signals.

6    (*Id*. at 10.)

7         Apple insists Haptic fails to allege "the 'contact interaction' is an impact ***on*** the mounting

8    surface . . . because the structure of the iPhone makes such contact on the inside of the device by a

9    user impossible." (Dkt. No. 13 at 13 (emphasis in original).) Apple reasons, "the alleged

10   'mounting surface' is within the iPhone and can be seen or tapped only after opening up the

11   iPhone and removing both the back cover and a battery." (*Id*. at 15.) But Apple's argument

12   depends on the meaning of "impact on the mounting surface." Indeed, Apple urges the Court to

13   construe "impact on" as "impact directly on." (*Id*. ("The claims require a user to directly 'impact'

14   or tap 'on' the claimed 'mounting surface.'"); *see id*. ("[T]he claim, as amended during

15   prosecution, makes clear the impact must be directly 'on' the mounting surface.").) So, it is

16   inappropriate to resolve this dispute "on a Rule 12(b)(6) motion, without the benefit of claim

17   construction." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018); *see also In re*

18   *Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012)

19   ("We afford the claims their broadest possible construction at [the pleading] stage of the

20   proceedings."). Contrary to Apple's argument, Haptic's allegations are not rendered "actually

21   *inconsistent* with and contradict[ory to] infringement" because they do not align with Apple's

22   preferred construction of "impact on the mounting surface." *Bot M8 LLC v. Sony Corp. of Am.*, 4

23   F.4th 1342, 1354 (Fed. Cir. 2021) (emphasis in original).

24        Accordingly, Apple's motion to dismiss Haptic's direct infringement claim is DENIED.

25   **B. Indirect Infringement**

26        Apple moves to dismiss Haptic's contributory infringement claim.

27        Contributory infringement occurs if a party sells, or offers to sell, a
         component of a patented combination, or a material for use in
28         practicing a patented process, constituting a material part of the

5

invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

*Nalco Co.*, 883 F.3d at 1356 (quoting 35 U.S.C. § 271(c)).  To state a claim for contributory infringement, Haptic must plausibly allege (1) Apple knew of the '738 patent, (2) Apple knew of the patent infringement, and (3) the Accused Product is not a staple article or commodity with a substantial noninfringing use.  *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021).  Apple argues the complaint fails to allege (1) a material component especially made to infringe the '738 patent that is unsuitable for a substantial noninfringing use and (2) Apple's knowledge of alleged infringement by Back Tap users.

Haptic identifies the Back-Tap interfacing elements of Apple's HomeKit technology as material infringing components of the Accused Devices.  Haptic alleges Apple contributes to infringement by others who "use Back Tap to control third-party external devices or to control Apple's own HomeKit-compatible Apple devices."  (Dkt. No. 1 ¶ 60.)  "Apple controls and monetizes the technical architecture for Apple's 'HomeKit,' which enables Back Tap to control other devices and allows Apple to set the rules for how third-party devices can work with Back Tap."  (*Id*. ¶ 61.)  In the claim chart attached to the complaint, Haptic explains "the Accused Products use Back Tap to activate and control those terminal devices through the Apple 'Shortcuts' feature and the Apple 'Home' application, which are integrated into Back Tap."  (Dkt. No. 1-2 at 16.)  Further, "[a]ll shortcuts, including those associated with the Apple HomeKit-compatible smart-home devices owned by the user, are automatically listed in the Back Tap interface, can be configured and controlled by Back Tap, and are listed within the Shortcuts application of the iPhone."  (*Id*. at 17.)  So, Haptic's factual allegations sufficiently identify an infringing material component in the Accused Products.

Before Apple launched Back Tap in September 2020, Haptic alleges Apple "reached out to and requested a meeting with Haptic to explore partnership opportunities and learn more about Knocki" in May 2016.  (Dkt. No. 1 ¶¶ 33, 41.)  The parties discussed Haptic's pending patent application for the '738 patent, integration of "the Knocki interface with Apple's own ecosystem as an accessible Siri alternative to control Apple's own HomeKit-compatible Apple devices," and

selling Knocki in Apple stores.  (*Id.* ¶¶ 34-40.)  Haptic alleges, "[a]fter Apple ended all communications with Haptic, Apple integrated Haptic's technology into Apple's own products when Apple launched the Back Tap feature."  (*Id.* ¶ 40.)  Apple's alleged contact with Haptic as to the pending '738 patent and its potential incorporation into Apple devices as a Siri alternative before Apple's release of its own Siri alternative supports the reasonable inferences Apple knew of the '738 patent, made Back-Tap to infringe the '738 patent, knew of the Accused Products' infringement of the '738 patent, and Back-Tap lacks a substantial noninfringing use.  *See Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 839-40 (N.D. Cal. 2021) (finding sufficient allegations that allowed the "*inference*" components of the accused product lacked substantial noninfringing uses); *see also Software Rsch., Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1136 (N.D. Cal. 2018) (finding sufficient allegations the accused product, "when used in its normal and intended" way, infringed).  So, Haptic states a plausible claim for contributory infringement against Apple.

Accordingly, Apple's motion to dismiss Haptic's contributory infringement claim is DENIED.

**CONCLUSION**

For the reasons stated above, Apple's motion to dismiss is DENIED.

This Order disposes of Docket Nos. 13 and 70.

**IT IS SO ORDERED.**

Dated: June 10, 2024

JACQUELINE SCOTT CORLEY
United States District Judge