1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

HAPTIC, INC.,

Plaintiff,

8
9

v.

10

APPLE, INC.,

Defendant.

11

Case No.  3:24-cv-02296-JSC

**ORDER RE: DEFENDANT'S MOTION TO STAY PENDING IPR PROCEEDINGS**

Re: Dkt. No. 114

12
13
14
15
16

Haptic alleges Apple infringes on four claims of its patent, U.S. Patent No. 9,996,738 (the "'738 patent").  Apple now moves to stay these proceedings pending *inter partes* review ("IPR"). (Dkt. No. 114.)[1]  After carefully considering the parties' pleadings, and having had the benefit of oral argument on November 14, 2024, the Court DENIES Apple's motion to stay.

17

**BACKGROUND**

18

**I.      Complaint Allegations**

19
20
21
22
23
24
25
26

The asserted patent was invented by Swan Solutions, Inc.  (Dkt. No. 1 ¶ 22.)  Swan Solutions, Inc. changed its name to Haptic, Inc. and now Haptic is the "exclusive owner of all rights, title, and interest in the" asserted patent.  (Dkt. No. 1 ¶¶ 22-23.)  The technology provides coverage of a "tap-based control system that converts a surface into a controller for a … device." (*Id*. at ¶ 15.)  Haptic accuses Apple of infringing its patent through its Back Tap feature which has been offered on every model of iPhone since the iPhone 8.  (*Id*. at ¶ 44.)  The Back Tap feature "allows a user to tap the back of the handset to perform functions on the iPhone and control other external devices."  (*Id*. at ¶ 45.)

27
28

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## II.    Procedural History

On November 3, 2023, Haptic filed a complaint in the Western District of Texas against Apple for alleged patent infringement.  (Dkt. No. 1.)  Apple filed a Motion to Transfer on January 29, 2024.  (Dkt. No. 21.)  The Western District of Texas granted the Motion on April 15, 2024, and the case was transferred to the Northern District of California.  (Dkt. No. 44.)  An initial case management conference was held on May 14, 2024.  (Dkt. No. 73 at 1.)  Following the conference, the Court set a schedule through trial. (Dkt. No. 73.) The *Markman* hearing is scheduled for December 6, 2024.  (*Id*.)  Fact discovery closes on February 28, 2025.  (*Id*.)  Expert discovery closes on May 30, 2025.  (*Id*.)  The dispositive and *Daubert* motion filing deadline is June 26, 2025, and trial is scheduled to commence September 29, 2025.  *(Id*. at 1, 2.)

More than four months after the Court set the case schedule, Apple filed two petitions for IPR challenging "all asserted claims".  (Dkt. No. 114 at 6.)  The Patent Trial and Appeal Board ("PTAB") is expected to make institution decisions for the '738 patent by April 2025 and issue a final written decision by April 2026.  (Dkt. No. 114 at 7-8.)  Apple filed the current pending Motion to Stay Pending IPR on October 7, 2024.  (Dkt. No. 114.)

## DISCUSSION

### I.    Motion to Stay

"[T]he power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).  In particular, a "district court has inherent power to stay proceedings pending resolution of parallel actions in other courts."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing *Landis*, 299 U.S. at 254).  This inherent power extends to staying proceedings pending resolution of *inter partes* review.  *See Topia Tech., Inc. v. Dropbox Inc*., No. 2023-cv-00062-JSC, 2024 WL 3437823 at *3 (N.D. Cal. May 12, 2023).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to stay a case, courts must "weigh [the] competing interests" of "economy of time and effort for itself, for counsel, and for litigants" and "maintain an even

United States District Court
Northern District of California

balance." *Landis*, 299 U.S. at 254-55. Courts often consider the following in guiding this balancing exercise:

> (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial;
> (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and
> (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court.

*Oyster Optics, LLC v. Ciena Corp.*, No. 20-cv-02354-JSW, 2021 WL 4027370, at *1 (N.D. Cal. Apr. 22, 2021).

### A. Stage of Litigation

"The first factor the Court considers is whether the litigation is at an early stage." *Zomm, LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019) (citing *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011)). "An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice." *Largan Precision Co. v. Motorola Mobility LLC*, No. 21-cv-09138-JSW, 2022 WL 294935, at *4 (N.D. Cal. July 26, 2022). Courts typically consider "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *Id.*

The Court must consider "the posture and circumstances of each case on an individual basis" to determine "whether litigation has progressed significantly enough for a stay to be disfavored." *PersonalWeb Techs., LLC v. Apple Ins.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (collecting cases). "Although courts generally evaluate the state of litigation at the time the motion to stay was filed, they may also consider subsequent progress in the case." *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-CV-06737-JST, 2019 WL 1905161, at *2 (N.D. Cal. Apr. 29, 2019).

The stage of litigation weighs against a stay here. At the time Apple filed this motion, the parties had undertaken significant work on the case. A substantial amount of fact discovery has

United States District Court
Northern District of California

1   been completed: the parties have exchanged infringement contentions, invalidity contentions,

2   damages contentions, expert reports, several sets of interrogatories and requests for production and

3   have produced over 555,000 pages.  (Dkt. No. 117-2 ¶¶2-10.)  Further, both Haptic's opening

4   claim construction brief and Apple's responsive claim construction brief have already been

5   submitted.  (Dkt. No. 119; Dkt. No. 121.)

6       *Entangled Media*, *LLC v. Dropbox Inc*. is instructive. No. 23-CV-03264-PCP, 2024 WL

7   1974554 (N.D. Cal. May 3, 2024).  There, the court held the stage of litigation weighed against a

8   stay because the parties had engaged in "significant discovery" having spent "over fourteen

9   months engaged in discovery, including written discovery, the production of over 47,000 pages of

10  documents, the issuance of subpoenas, and extensive negotiation of a protective order."  *Id*. at *2.

11  The court had also resolved a motion to dismiss and, a month prior to the defendant's petition for

12  *inter partes* review, scheduled a trial date.  *Id*.

13      Here, the parties have spent eleven months engaged in discovery and, just as in *Entangled

14  Media*, engaged in extensive negotiation of a protective order.  *See id*.; (Dkt. No. 79.)  The Court

15  has also denied a motion to dismiss and, four months prior to Apple even filing its petitions,

16  scheduled a trial date.  (Dkt. No. 81; Dkt. No. 73 at 2; Dkt. No. 114-3 at 127; Dkt. No. 114-4 at

17  106.)  In fact, this case has progressed beyond *Entangled Media* because both the opening and

18  responsive claim construction briefs have already been filed.  *See* 2024 WL 1974554 at *2; (Dkt.

19  No. 119; Dkt. No. 121.)

20      The cases Apple cites do not persuade the Court otherwise.  In two, no trial date had been

21  set.  *See Largan*, 2022 WL 2954935 at *4 ("No trial date has been set."); *Viavi Sols. Inc. v.

22  Platinum Optics Tech. Inc.*, No. 5:20-CV-05501-EJD, 2021 WL 1893142 at *1 (N.D. Cal. May

23  11, 2021) ("fact discovery is in its early stages, expert discovery has not begun, and a trial date has

24  not been set.").  And in *Anza Tech., Inc. v. Toshiba Am. Elec. Components Inc.*, No. 17-CV-

25  07289-LHK, 2018 WL 4859167, at *1 (N.D. Cal. Sept. 28, 2018), while a trial date had been set,

26  claim construction briefing had not commenced.

27      So, this factor weighs against a stay.

28          **B.  Simplification of Issues**

4

United States District Court
Northern District of California

1   "[T]he filing of an IPR request does not by itself simplify the issues in a case." *DiCon*

2   *Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, No. 15-cv-1362-BLF, 2015 WL 12859349,

3   at *2 (N.D. Cal. Oct. 13, 2015).  A stay is appropriate when a Patent and Trademark Office

4   ("PTO") proceeding "would be likely to assist the court in determining patent validity and, if the

5   claims were canceled in the reexamination, would eliminate the need to try the infringement

6   issue." *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998).

7       This factor weighs slightly against a stay or is neutral. While it is true, as Apple contends,

8   "significant efficiency … can result from an early stay even where the PTAB has not yet instituted

9   its review," (Dkt. No. 114 at 11), that is not always true.  And, in this case, unlike many others,

10  including those Apple cites, there is only one independent claim from one patent at issue.  *See*

11  *Viavi*, 2021 WL 1893142 at *1 (three patents at issue); *Finjan, Inc. v. Symantec Corp.*, 139 F.

12  Supp. 3d 1032, 1034 (N.D. Cal. 2015) (eight patents at issue); *Evolutionary Intel. LLC v. Yelp Inc*,

13  No. C-13-03587 DMR, 2013 WL 6672451 at *1 (N.D. Cal. Dec. 18, 2013) (two patents at issue);

14  *Qualcomm Inc. v. Apple Inc.*, No. 3:17-CV-2403-CAB-MDD, 2018 WL 4104966 at *2 (S.D. Cal.

15  Aug. 29, 2018) ("with five patents and numerous claims at issue, the PTAB's decisions whether to

16  institute will impact the contours of the case".)

17      So, this factor weighs slightly against a stay or is neutral.

18          **C.  Prejudice to Haptic**

19       "Third, the Court looks to whether a stay would unduly prejudice or present a clear

20  tactical disadvantage to the nonmoving party." *PersonalWeb*, 69 F. Supp. 3d at 1029.

21      The potential prejudice to Haptic weighs against a stay.

22      Given the statutory deadline for the PTAB to issue a final written decision is seven months

23  after the trial date (assuming IPR is even instituted), "[a] stay has the potential to prejudice

24  [plaintiff] by delaying discovery and the timely resolution of this action, including trial by jury."

25  *Entangled Media*, 2024 WL 1974554 at *4; *see* 35 U.S.C. § 316(a)(11) ("requiring that the final

26  determination in an *inter partes* review be issued not later than 1 year after the date on which the

27  Director notices the institution of a review under this chapter.")  Haptic argues that as a "growth-

28  stage tech company" the '738 Patent "underpins the novel capabilities of Knocki and is essential

to Haptic's product roadmap and growth." (Dkt. No. 117-1 at ¶¶ 4, 8.) And "because of the ongoing litigation, Haptic has had to withhold sensitive information from potential investors," which has impeded its ability to fundraise. (*Id*. ¶ 8.) Indeed, Haptic's CEO has also paused drawing a salary and reduced the size of its engineering staff. (*Id*.) So, Haptic presents compelling evidence of "harm in the marketplace that is not compensable by readily calculable money damages." *See Avago Techs. Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc*., No. 10-CV-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011).

That Haptic and Apple are not direct competitors, and that Haptic did not seek preliminary injunctive relief, does not undermine the above prejudice. *See Avago*, 2011 WL 3267768 at *6 (holding that the failure to seek preliminary injunctive relief does not necessarily mean a stay is warranted given a plaintiff "might have other reasons for deciding not to pursue injunctive relief"). Further, Apple incorrectly argues "Haptic… is not seeking injunctive relief." (Dkt. No. 114 at 13.) In fact, Haptic does seek injunctive relief in the complaint. (Dkt. No. 1 at 15.) In sum, the balance of hardships weighs in favor of Haptic because Haptic "is much smaller and the [Knocki] is its flagship product." *Acumed LLC v. Stryker Corp*., 551 F.3d 1323, 1327 (Fed. Cir. 2008).

## CONCLUSION

For the above reasons, and in the exercise of its discretion, the Court DENIES Apple's motion to stay without prejudice to renewal if the PTAB institutes IPR review.

This Order disposes of Docket No. 114.

**IT IS SO ORDERED.**

Dated: November 20, 2024

_____

JACQUELINE SCOTT CORLEY
United States District Judge