Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Michael A. Amon (SBN 226221)
amon@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Jeff H. Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: 858-678-5070 / Fax: 858-678-5099

Katherine D. Prescott (SBN 215496)
prescott@fr.com
Jeanel N. Sunga (SBN 333815)
sunga@fr.com
Claire Chang (SBN 341420)
cchang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: 650-893-5070 / Fax: 650-839-5071

*Additional Counsel listed on Signature Page*

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAPTIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | Case No. 3:24-cv-02296-JSC <br><br> **APPLE'S STATEMENT RE: APPLE INC.'S PROPOSED MOTION TO COMPEL** |

Haptic has refused to provide relevant, non-privileged discovery—such as discussions with third parties regarding the Asserted Patent and its valuation—all under the guise that such discovery relates to "litigation funding" and is thus somehow immune. Haptic claims it need not produce this discovery simply because the information may have been shared with particular third parties (potential litigation funders). Haptic also has refused to provide a privilege log detailing the documents and grounds for withholding them. Apple respectfully asks the Court to compel Haptic to provide relevant discovery, regardless of whether Haptic chooses to label it as related to "litigation funding." Given the complexity of the arguments Apple expects may be presented, Apple requests that the Court allow the parties to submit full briefing on the issue.

The parties conducted a lead counsel meet and confer on February 20th regarding these issues and reached impasse. Pursuant to Section F.2 of this Court's standing order, Apple provided Haptic with its half of a joint dispute letter on March 6th (well before the March 25th deadline). After saying it would respond by March 20th, Haptic instead emailed the Court on March 13th asking for informal guidance. The timeline leading to Haptic's change of position is informative. On February 5th, Apple served a subpoena in Texas on Haptic's litigation funder—Siltstone—who recently filed a motion to quash the subpoena (Case No. 4:25-mc-331 (S.D. Tex.)). On March 12th, Apple notified counsel for Siltstone that Apple would be filing a motion to transfer the motion to quash to this Court to be considered with this dispute for judicial efficiency and to avoid conflicting decisions. The next day, Haptic emailed the Court, giving Apple literally one minute's notice that it was doing so.

### A. Apple's Requested Discovery Is Relevant To Key Issues In This Case

Apple's discovery requests seek documents and information concerning key issues in this case, such as documents and communications regarding Apple's alleged infringement (ROG 11; RFPs 9, 17-18, 22-24, 28, 45; Topics 13, 45-46), the validity of the Asserted Patent (ROGs 5, 6; RFPs 7, 9, 22-23, 28-29, 45; Topics 4-5), and the value of the Asserted Patent (ROGs 7, 9, 11; RFPs 23, 39, 45; Topics 53, 55, 61). This information is plainly relevant and is therefore discoverable under Fed. R. Civ. P. 26(b)(1).

Relevant documents do not become irrelevant simply because Haptic shared them with a potential funder or labels them "litigation funding." *See, e.g.*, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018) (ordering production of litigation-funding information); *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, 2016 WL 7665898, at *9 (S.D. Cal. Sept. 20, 2016) (same); *In re Google Litig.*, 2011 WL 6113000, at *3-4 (N.D. Cal. Dec. 7, 2011) (same). As just one example, if Haptic made any representations about the value of the Asserted Patent or litigation to any third party, Haptic's statements would be directly relevant to damages and should be produced. There is no relevance exception in the rules, case law, or otherwise for documents related to "litigation funding," and the Court should decline to create one.

Apple's requests also target information about the ownership of and interest in the Asserted Patent, as well as documents regarding the terms of Haptic's arrangements with any litigation funders (ROGs 7, 9; RFPs 13-15, 19, 34, 36, 45; Topics 13, 15, 39-41, 49, 53). These documents are also relevant to test the credibility of Haptic's witnesses (*see Sloan v. Oakland Police Dep't*, 2003 U.S. Dist. LEXIS 29572, at *7 (N.D. Cal. 2003)); to determine whether Haptic had and continues to have standing to prosecute this case (*see Uniloc USA, Inc. v. Apple, Inc.*, 2020 WL 7122617, at *7-8 (N.D. Cal. Dec. 4, 2020)); and to Apple's defenses (and rebuttals).

Finally, Apple seeks the litigation funding agreement itself (ROG 7; RFPs 14, 34, 36, 45; Topics 40, 49). Courts have regularly found "litigation funding agreements and related documents can be 'directly relevant' to 'the valuations placed on the ... patents prior to the present litigation.'"

*E.g.*, *Taction Tech., Inc. v. Apple Inc.,* 2022 WL 18781396, at *4-5 (S.D. Cal. Mar. 16, 2022); *see also Impact Engine, Inc. v. Google LLC*, 2020 WL 2745230, at *4 (S.D. Cal. Aug. 12, 2020).

### B. Haptic's Privilege Claim Has No Legal Support

Haptic has failed to meet its burden to substantiate its blanket claim that the documents it is withholding are privileged. *See Sia Chue Yang v. Schwarzenegger*, 2010 WL 11587074, at *11 (N.D. Cal. May 12, 2010); *Waymo LLC v. Uber Techs., Inc.*, 319 F.R.D. 284, 291 (N.D. Cal. 2017). Specifically, Haptic has not served a privilege log as required by Fed. R. Civ. P. 26(b)(5). Nor has Haptic even alleged the existence of a common interest agreement with its litigation funder. Instead, Haptic appears to contend that a privilege attached because it shared documents with its litigation funder pursuant to an NDA, and no log must be produced. Haptic is wrong. Courts repeatedly find that parties cannot unilaterally create a privilege and exempt documents from discovery by entering into an NDA. *Micron Tech., Inc. v. Factory Mut. Ins. Co.*, 2022 WL 187156, at *2 (N.D. Cal. May 26, 2022) ("Courts in this district and others have recognized that an NDA cannot be used to shield information from discovery."); *see also Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) ("[T]he non-disclosure agreement does not confer a legal privilege from discovery on any documents that were not already privileged."). This Court should overrule Haptic's privilege objection or, at minimum, order Haptic to provide a privilege log.

Specifically, Haptic cannot claim that documents shared with its litigation funder are protected by the **attorney client privilege**, which "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *Valeo Schalter und Sensoren GmbH v. NVIDIA Corp.*, 2025 WL 41936, at *5 (N.D. Cal. Jan. 6, 2025). The third parties with whom Haptic communicated are not part of the attorney-client relationship between Haptic and its counsel. *Midwest Athletics & Sports All. LLC v. Ricoh USA, Inc.*, 2020 WL 5554361, at *3 (E.D. Pa. Sept. 16, 2020) (litigation funder communications not privileged). And to the extent Haptic voluntarily conveyed any attorney-client privileged information with a third party, the privilege is waived. *United States v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2005) (it is a "settled rule that *any* voluntary disclosure of information to a third party waives the attorney-client privilege").

Nor can Haptic protect these materials under the extended **common defense**/**interest doctrine,** at least prior to the execution of a litigation funding agreement when the parties were adversely negotiating a commercial transaction. Without any information to know more, there appears to be a common *commercial* interest between Haptic and its litigation funders—not a *legal* one. *See Nidec Corp. v. Victor Co. Japan*, 249 F.R.D. 575, 580 (N.D. Cal. 2007) (no common interest protection in purely commercial transaction). Indeed, Haptic's litigation funder claims that its only involvement in the case is as a bank providing funding. *See Haptic Inc. v. Apple Inc.*, No. 4:25-mc-331 (S.D. Tex), Dkt. No. 1-1 (Walia Decl. ¶ 8).

Last, Haptic cannot find refuge in the **work product privilege**. Materials shared with Haptic's litigation funders both prior to and after consummating a commercial transaction (i.e., a funding arrangement) were created for a business purpose—not in anticipation of litigation. "The fact that litigation may have been reasonably anticipated to occur at some point in the future does not convert [a] business function[] into legal function[] or make all communications relating to these functions privileged or subject to work product protection." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 296 F. Supp. 3d 1230, 1243 (D. Or. 2017); *see also In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (materials prepared for non-party not protected work product). If any work product materials were shared, any privilege is waived. *Id.*

The Court should not allow Haptic to blanketly withhold or refuse to provide a privilege log for any document that is relevant solely because it was shared with a litigation funder.

Dated: March 13, 2025

Respectfully submitted,

/s/ Roger A. Denning
Roger A. Denning (SBN 228998)
denning@fr.com
Seth M. Sproul (SBN 217711)
sproul@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Michael A. Amon (SBN 226221)
amon@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Jeff H. Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Katherine D. Prescott (SBN 215496)
prescott@fr.com
Jeanel N. Sunga (SBN 333815)
sunga@fr.com
Claire Chang (SBN 341420)
cchang@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: 650-893-5070 / Fax: 650-839-5071

Qiuyi Wu (Admitted *pro hac vice*)
qwu@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Tel: 516-542-5070 / Fax 617-542-8906

Joshua H. Park (Admitted *pro hac vice*)
jpark@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, #2100
Houston, TX 77010
Tel: 713-654-5335 / Fax: 713-652-0109

*Attorneys for Defendant APPLE INC.*